## Commonwealth v. Kashinski

*William J. Kearney,* for Commonwealth.

*Sidney Grabowski,* for defendant.

EAGEN, J., December 13, 1944.—Defendant moves to quash two indictments returned by the grand jury. In one he is charged with feloniously stealing a motor vehicle, being the property of John T. Ford, and in the second he is charged with forging an assignment of the motor vehicle certificate of title to the prejudice of the right of the estate of John T. Ford. It is admitted that John T. Ford died previous to the date of either alleged offense.

In our opinion, the indictments are fatally defective. An indictment charging larceny must specify the owner of the stolen goods, and it cannot be laid in a dead person. We are not familiar with any Pennsylvania appellate court authority directly in point. However, in Commonwealth v. Kugler, 2 D. & C. 514, involving an indictment charging larceny, ownership was laid in "the estate of Jacob Helfrick, deceased". The court held that this language described no person or legal entity capable of owning or possessing property. In 2 Bishop's Criminal Procedure (4th ed.) 325, it is stated:

"As a part of the description and in identification of the stolen things, an indictment must name the owner, or excuse the omission that he is unknown."

A number of examples are cited and, at page 329, it is said: "In the estate of a deceased person, it cannot be laid."

See 1 Sadler on Criminal Procedure in Pennsylvania, 367, sec. 299. In 12 Encyclopædia of Pleading and Practice, sec. 971, it is said:

"As a dead man cannot have property in goods and chattels, . . . an indictment laying the ownership in the deceased . . . cannot be supported but ownership in such case should be laid in the executor or administrator or in the person entitled to the immediate possession and control of the property."

See also State of West Virginia v. Cutlip, 88 S. E. 829, and L. R. A. 1916E, pp. 783-785.

We, therefore, conclude that the first indictment, specifying the ownership of the stolen article to be in a person deceased, is defective. The same reasoning applies to an indictment charging forgery drawn under The Penal Code of June 24, 1939, P. L. 872, sec. 1014, which specifically requires that the act must be done "to the prejudice of another's right". The language of the indictment involved manifests the crime charged is the one described in this statute.

Therefore, December 13, 1944, the two indictments to the above number and term are quashed.